UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul D. Robinson,<br><br>                Plaintiff,<br><br>vs.<br><br>Florence County Police Department;<br>Officer Jon Watts;<br>Florence County Sheriff Department,<br><br>                Defendants. | C/A No. 4:15-cv-00387-RBH-KDW<br><br>REPORT AND RECOMMENDATION<br>(partial summary dismissal) |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Paul D. Robinson ("Plaintiff") alleges that he engaged in a car chase with Florence County law enforcement officers on April 28, 2014, but that he had stopped and exited his vehicle and was lying down on the ground with his hands behind his head when Defendant Officer Watts ran up to him, kicked him in the face, and then shot him in the upper thigh. Compl. 4, ECF No. 1. Plaintiff also alleges that he is not being treated properly in the Florence County Detention Center ("FCDC"), claiming that he has "been mace[d] 7 times and Taze[d] 8." *id*., and that he was slandered by a "News channel" saying that he shot at the officer even though he did not, *id*. at 2, 3. Plaintiff names the law-enforcement officer who allegedly shot him (Watts), the Florence County Sheriff's Department, and the Florence County Police Department as

Defendants. Plaintiff asks this court to award him $25 million, but "no less than $10 million dollars" or his "freedom." *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to the two law-enforcement departments under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Municipal and county police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n. 1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb. 27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug. 26, 2005). Because the Florence County

---

[1] Plaintiff's claim for damages allegedly arising from the use of excessive force by a Florence County law-enforcement officer is properly considered by this court under its federal-question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

Sheriff's Department and the Florence County Police Department are not persons, no plausible § 1983 excessive-force claim is stated against either of them.

Furthermore, no plausible § 1983 claim is stated against any of the three Defendants based on Plaintiff's allegation that he is "being treating [sic] unfairly in [the FCDC]." Compl. 4, ECF No. 1. In order to assert a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). No plausible § 1983 conditions-of-confinement claim is stated against Defendants Florence County Police Department or Florence County Sheriff Department because they are not persons who can act under color of state law. Moreover, Plaintiff does not allege that the remaining Defendant, Officer Watts, took any action in connection with the conditions of Plaintiff's confinement at the FCDC. Thus, Plaintiff's allegations do not show the required causal connection or affirmative link to Defendant Watts insofar as the alleged "unfair treatment" while incarcerated is concerned. Because Plaintiff fails to allege facts that would support a reasonable inference that any of the named Defendants is liable for the conditions of his confinement at FCDC, no plausible § 1983 claim arising from the alleged unfair treatment is stated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a plausible claim, there must be sufficient factual allegations pled to support a "reasonable inference that the defendant is liable for the misconduct alleged"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Tobey v. James*, 706 F.3d 379, 386 (4th Cir. 2013).

Finally, to the extent that Plaintiff's allegations could be liberally construed as an attempt to state a slander claim against any of the Defendants, this court is without subject-matter jurisdiction to consider such a state-law based claim in absence of diversity jurisdiction or

supplemental jurisdiction based on other viable federal claims arising from a common transaction. *See Ysais v. Richardson*, 603 F. 3d 1175, 1179 (10th Cir. 2010); *Good v. City of Sunbury*, 352 F. App'x 688, 689-90 (3d Cir. 2009); *see also Quint v. Village of Deerfield*, No. 07-C 5413, 2010 WL 675565, at *1 (7th Cir. Feb. 26, 2010). No basis for this court's exercise of its diversity jurisdiction is shown on the face of the Complaint under review because it appears from the contents of the pleading, Compl. 2, ECF No. 1, and from the addresses on the service documents that Plaintiff submitted that all parties are South Carolina residents. *See C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F.3d 226, 229 (4th Cir. 2002) (diversity requires citizens of different states on opposite sides of the case). Additionally, there is no basis on which this court could exercise supplemental jurisdiction over a state-law-based claim that did not "derive from a common nucleus of operative fact" as the excessive-force claim against Defendant Watts, which is the only plausible federal claim evident from the face of Plaintiff's Complaint. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The alleged slander occurred at some undisclosed time after the Plaintiff's apprehension and arrest, and no plausible slander claim is stated against any Defendant because there is nothing in the Complaint that identifies who gave the allegedly false information to the "News channel" and Plaintiff does not name the "News channel" as a defendant. *See Cosby v. Legal Servs. Corp.*, No. 6:05-131-GRA, 2006 WL 4781412, at *8 (D.S.C. May 11, 2006) (citing to *Boone v. Sunbelt Newspapers, Inc.*, 556 S.E.2d 732, 737 (S.C. Ct. App. 2001) and listing the elements of a plausible South Carolina defamation claim in a diversity action).

    IV.    Recommendation

Accordingly, it is recommended that the court partially dismiss the Complaint in this case *without prejudice* as to Defendants Florence County Police Department and Florence County

Sheriff Department and as to any potential claim other than the plausible § 1983 claim based on alleged excessive use of force against Defendant Watts. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on Defendant Watts for a response to the § 1983 excessive-force claim only.

      IT IS SO RECOMMENDED.

February 13, 2015                                                 Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).