IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paul D. Robinson, | ) | Civil Action No.: 4:15-cv-387-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Florence County Police Department; | ) | |
| Officer Jon Watts; and Florence | ) | |
| County Sheriff Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Paul D. Robinson, ("Plaintiff"), a state detainee proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on January 28, 2015. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1]  *See* R & R, ECF No. 11. In the R & R, the Magistrate Judge recommends that the Complaint be dismissed without prejudice as to Defendants Florence County Police Department and Florence County Sheriff Department, as well as to any claim other than excessive force against Defendant Watts. *See id.* at 5–6. Plaintiff timely filed objections to the R & R on February 25, 2015. *See* Pl.'s Objs., ECF No. 15.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION[2]

In the R & R, the Magistrate Judge noted that Plaintiff's claims against the Florence County Police Department and the Florence County Sheriff Department should be dismissed, as they are not "persons" subject to suit under § 1983. *See* ECF No. 11 at 3–4. The Magistrate Judge also recommended finding that no plausible claim under § 1983 had been stated against Defendant Watts

---

[2] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's R & R. *See* ECF No. 11 at 1–2. Briefly stated, Plaintiff's complaint alleges that Defendant Watts used excessive force against him in connection with an arrest and that he is not being treated properly in the Florence County Detention Center ("FCDC").

regarding Plaintiff's treatment at the FCDC.  *See id.* at 4.  The Magistrate Judge reasoned that Plaintiff has not alleged any personal involvement of Officer Watts in connection with the conditions of his confinement at the FCDC.  *See id.*  Finally, the Magistrate Judge recommended that, to the extent the Complaint could be liberally construed to state a claim for slander, that claim be dismissed as the Court lacks subject matter jurisdiction over that claim.  *See id.* at 4–5.  As the Magistrate Judge detailed, there is no diversity jurisdiction over this claim, and the Court lacks supplemental jurisdiction over it due to the fact that it does not arise out of the same "common nucleus of operative fact" as the only plausible federal claim (the excessive force claim).  *See id.* at 5.  Moreover, the Magistrate Judge explained that no plausible slander claim has been stated against any of the Defendants, as Plaintiff does not detail who gave the allegedly false information to the "News channel" and does not name the "News channel" as a Defendant.  *See id.*

Plaintiff timely filed objections.  In his objections, Plaintiff notes that he agrees with the Magistrate Judge that Defendant Watts took no part in how he is being treated in the FCDC.  *See* ECF No. 15 at 1.  However, he reiterates that Defendant Watts did use excessive force against him.  *See id.*  Petitioner then notes that the "News channel" is "News Channel 15."  *See id.*  Petitioner next explains that he included the Florence County Sheriff Department in his lawsuit because his stay at the FCDC has been "unpleasant."  *See id.*  He notes that there are so many correctional officers involved that he can only put down the name of the facility.  *See id.*  Finally, he argues that he named the Florence County Police Department as a Defendant because "John Watts ram me with his car, another office kick me twice, then shot me."  *See id.*  He asks that the Court not dismiss the action and proceed in serving the parties.  *See id.*  Finally, he argues that he should be moved from the county while the lawsuit is pending.  *See id.*

3

Plaintiff, therefore, agrees that his conditions of confinement claim should be dismissed as to Defendant Watts.  Moreover, Plaintiff does not address the Magistrate Judge's findings regarding slander, aside from noting that the News Channel referenced in his allegations is News Channel 15. Accordingly, finding no clear error on either of those points, the Court adopts the Magistrate Judge's analysis as its own.

Furthermore, Plaintiff does not really address the Magistrate Judge's findings regarding the Florence County Police Department and Florence County Sheriff Department either, aside from noting that he named them as Defendants because one employs corrections officers and the other employs Defendant Watts.  Plaintiff does not contradict the Magistrate Judge's finding, however, that these entities are not "persons" subject to suit under § 1983.  *See Kane v. Beaufort Cnty. Sheriffs Dept.*, No. 9:14-508-RMG, 2015 WL 404570, at * (D.S.C. Jan. 29, 2015) ("[U]nder 42 U.S.C. § 1983, only a "person" may be sued.  A department is not a person subject to suit under § 1983.").  Accordingly, finding no clear error on this issue either, the Court also adopts this recommendation of the Magistrate Judge.

Therefore, the Court agrees that Defendants Florence County Police Department and Florence County Sheriff Department are entitled to dismissal, and that all of Plaintiff's claims should be dismissed aside from the excessive force claim against Defendant Watts.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**, *without prejudice* as to Defendants Florence County Police Department and Florence County Sheriffs Department.  **IT IS FURTHER ORDERED** that any other claims, aside from Plaintiff's claim for excessive force against Defendant Watts, are also dismissed *without prejudice*.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 8, 2015