UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Paul D. Robinson, | ) | Civil Action No.: 4:15-cv-00387-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer A. Brown, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Paul D. Robinson, currently incarcerated at Kirkland Reception and Evaluation Center in Columbia, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging excessive force during the course of his arrest following a high speed chase in a stolen car. Plaintiff alleges that he was lying on his stomach on the ground with his hands behind his head when Defendant Officer Brown kicked him in the face two times. Plaintiff also alleges that immediately after he was kicked, he was shot while face down with his hands behind his head. Plaintiff alleges he will never walk the same and seeks $25 million dollars in damages or his freedom. [Complaint, ECF No. 1 at 5]. Officer Brown maintains that his firearm discharged accidentally as he was attempting to holster his weapon. On December 22, 2015, Officer Brown moved for summary judgment [ECF No. 74] arguing that the accidental discharge of his firearm did not amount to a Fourth Amendment violation and that he is entitled to qualified immunity.

This matter is before the court with the Report and Recommendation ("R&R") [ECF No. 86] of Magistrate Judge Kaymani D. West filed on February 19, 2016.[1] The Magistrate Judge recommended that Officer Brown's motion for summary judgment be granted and this case

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

dismissed based on her recommendation that no Fourth Amendment violation occurred and that, alternatively, Officer Brown is entitled to qualified immunity.  Plaintiff timely filed objections to the R&R on March 7, 2016.  Officer Brown filed a reply to Plaintiff's objections on March 24, 2016.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

3

**Discussion**

Where an excessive force claim arises in the context of an arrest, the claim should be characterized as one invoking the protections of the Fourth Amendment and its prohibition against unreasonable seizures of the person. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Thus, "all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham*, 490 U.S. at 395.

"A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)). But a "seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement. . . ." *Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1989). Instead, an individual is "seized" under the Fourth Amendment "only when there is a governmental termination of freedom of movement through means intentionally applied." *Id.* at 597 (emphasis in original); *see also Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013) ("The Supreme Court and this circuit have long held that Fourth Amendment violations occur only through intentional conduct."); *Brown v. City of Charleston*, No. 2:12-CV-01865-DCN, 2013 WL 4436398, at *4 (D.S.C. Aug. 15, 2013) ("[T]he court must still decide whether the officer's actions were willful rather than accidental.").

The Magistrate Judge concluded that Officer Brown accidentally discharged his weapon, wounding both himself and Plaintiff. Relying on multiple circuit and district court opinions holding

that an accidental shooting does not amount to a violation of the Fourth Amendment, the Magistrate Judge concluded that Plaintiff was not seized for purposes of the Fourth Amendment. *See e.g.*, *Guerra v. Montgomery Cty., Md.*, 118 F. App'x 673, 675 (4th Cir. 2004) ("The district court presumably believed that the shooting itself did not violate the Fourth Amendment because it was accidental."); *Glasco v. Ballard*, 768 F. Supp. 176, 180 (E.D. Va. 1991) ("[A] more appropriate understanding of the case law, as well as the history of the Fourth Amendment, suggests that a wholly accidental shooting is not a 'seizure' within the meaning of the Fourth Amendment."); *Hicks v. Leake*, 821 F. Supp. 419 (W.D. Va. 1992) (holding that because driver was not object of police chase, there was no "seizure" necessary to show violation of Fourth Amendment rights); *Rucker v. Harford Cty., Md.*, 946 F.2d 278, 282 (4th Cir.1991) ("[W]e still would conclude that given the exigencies of the situation, his accidental shooting of Rucker would not have constituted the kind of 'oppressive' abuse of governmental power, *see Daniels*, 474 U.S. at 331, against which substantive due process gives protection."); *Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013) ("In the absence of evidence showing that Bryant intended to use deadly force, we must conclude that the negligent shooting here did not itself violate Watson's Fourth Amendment rights."); *McCoy v. City of Monticello*, 342 F.3d 842, 848 (8th Cir. 2003) (finding that though facts established a seizure occurred, the officer who accidentally shot a motorist acted objectively reasonable, entitling him to qualified immunity); *Pleasant v. Zamieski*, 895 F.2d 272, 276–77 (6th Cir. 1990) (accidental shooting did not violate the Fourth Amendment); *Leber v. Smith*, 773 F.2d 101, 104–05 (6th Cir. 1985) (holding that plaintiff's unreasonable-seizure claim failed as a matter of law in an accidental shooting case and, therefore, declining to reach qualified immunity); *Dodd v. City of Norwich*, 827 F.2d 1, 7 (2d Cir. 1987) (reversing its decision on rehearing and finding no Fourth

Amendment violation or municipal negligence was responsible for "the inadvertent shooting of an already apprehended burglar during a struggle initiated by him in an attempt to disarm the arresting officer and after he had apparently surrendered [when] [t]he shooting was a pure accident").

In his objections to the Magistrate Judge's R&R, Plaintiff argues that the "Florence County Police Department of the City of Florence" should not have been dismissed from this lawsuit because Officer Brown was acting in his official capacity. However, as explained in the prior Order dismissing the Florence Police Department and Florence County Sheriff's Department [ECF No. 29], those entities are not "persons" subject to suit under § 1983. *See Kane v. Beaufort Cnty. Sheriffs Dept.*, No. 9:14-508-RMG, 2015 WL 404570, at * (D.S.C. Jan. 29, 2015) ("[U]nder 42 U.S.C. § 1983, only a "person" may be sued. A department is not a person subject to suit under § 1983.").

Plaintiff also asks the Court to grant suit for the City of Florence (i.e. add the City as a defendant), which currently employs Officer Brown. Plaintiff did not originally name the City of Florence as a defendant in this case and the deadline for motions to amend pleadings has long since passed. Finding no good cause, the Court denies Plaintiff's request to the extent he seeks to add the City of Florence as a defendant at this late date. *See Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (Where a motion to amend the pleadings and join additional parties is filed after the scheduling order deadline, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b)). Additionally, there is no vicarious liability in § 1983 actions and there is no claim of official custom

or policy. As such, any amendment would be futile. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

Next, Plaintiff appears to object to the Magistrate Judge's characterization of the shooting as accidental. Plaintiff argues that while he was laying face down, Officer Brown kicked him with his left leg two times. Plaintiff's allegation suggests that the shooting occurred as a result of Officer Brown kicking Plaintiff in the face, as opposed to the Officer's version that when he went to holster his weapon, his arm got tangled in vines and branches, and accidentally discharged. [ECF No. 88 at 6-7; ECF No. 84 at 5 ("Inv. Brown used excessive force kicking me in my face, which cause[d] his gun to go off")]. Regardless of the Plaintiff's version, it is undisputed that Officer Brown was accidentally shot along with the Plaintiff. Viewing the evidence in the light most favorable to Plaintiff, including all of his sworn statements and verified pleadings, there is no non-speculative basis to conclude that the shooting was anything other than accidental. The Court agrees with the Magistrate Judge's analysis on this claim.

To the extent Plaintiff seeks recovery based on being kicked in the face apart from the accidental gunshot, the Court finds that the force of allegedly kicking Plaintiff in the face, which caused no discernible facial injuries, was objectively reasonable and not excessive. Excessive force claims are evaluated under the Fourth Amendment's objective reasonableness standard. *Wilson v. Flynn*, 429 F3d 465, 468 (4th Cir. 2005). In determining whether a Fourth Amendment violation occurred, the Court must "weigh the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Bailey v. Kennedy*, 349 F.3d 731, 743 (4th Cir. 2003). The test is not capable of precise definition or mechanical application and requires careful attention to the facts and circumstances of each particular case.

*Bailey*, 349 F.3d at 743.  The relevant facts and circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  "The extent of the plaintiff's injury is also a relevant consideration." *Bailey*, 349 F.3d at 743.  "The question is whether the totality of the circumstances justified a particular sort of seizure." *Jones v. Buchanan*, 325 F.3d 520, 527-28 (4th Cir. 2003).

      Plaintiff led law enforcement on a high speed chase through Florence, South Carolina in a car that had been reported stolen.  Radio transmissions from dispatch indicated that Plaintiff should be considered armed and dangerous.  The high speed chase continued through heavy traffic and passed several businesses and crowded areas.  Plaintiff jumped out of his vehicle while it was moving and continued to flee on foot into a wooded area.  Shortly thereafter, Officer Brown discovered Plaintiff lying face down in the wooded area.

      Turning to the *Graham* factors, Plaintiff was charged with serious offenses arising from the high speed chase including assault and battery first degree, possession of a stolen vehicle, possession of stolen goods, failure to stop for a blue light, possession of marijuana, and leaving the scene of an accident.  The first factor - the severity of the crime at issue - weighs against the Plaintiff.

      The second factor - whether a reasonable officer could have perceived Plaintiff as an immediate threat to the safety of officers or others - also weighs against the Plaintiff.  Plaintiff was thought to be armed and dangerous and the dashcam videos submitted along with Defendant's motion for summary judgment confirm that Plaintiff led police on a reckless high speed chase

through downtown Florence speeding through red-lights at several heavily traveled intersections. The chase continued through heavy traffic until Plaintiff eventually jumped from his moving vehicle in an attempt to escape into the woods on foot. The vehicle then crashed into a utility pole. When Officer Brown discovered Plaintiff lying on his stomach, Plaintiff appeared to Officer Brown to be hiding. Under the totality of the circumstances, a reasonable officer would have perceived Plaintiff as a continuing and immediate threat when he was discovered by Officer Brown in a heavily wooded area with vines and bushes, which Officer Brown had to crouch down to get through to get to Plaintiff.

The third factor - whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight - weighs in favor of Plaintiff but does not change the result of this case. Viewing the facts in the light most favorable to the Plaintiff, he was arguably not actively resisting when Officer Brown discovered him lying on his stomach. However, Plaintiff had just led officers on a lengthy chase and was in a wooded area with bushes and vines and could have easily decided to take advantage of the surroundings and attempt to flee again.

Nevertheless, the final consideration - the extent of Plaintiff's injury - indicates that the level of force used by Officer Brown was not excessive and was objectively reasonable. Plaintiff has not alleged any injuries to his face as a result of being kicked. Plaintiff complains of injuries to his leg and penis and claims difficulty walking as a result of those injuries but does not allege any facial injuries.

Based on the totality of the circumstances, Officer Brown's alleged use of force by kicking Plaintiff in the face twice was objectively reasonable and was an objectively reasonable means to subdue Plaintiff who was considered armed and dangerous and had led police on a high speed chase

through heavy traffic endangering scores of innocent bystanders. Accordingly, viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff was not seized within the meaning of the Fourth Amendment. There is no competent evidence to suggest the shooting was intentional or that the alleged kicks to the face were excessive.

The Magistrate Judge also found that in the event the Court finds that a constitutional violation occurred, Officer Brown should be granted qualified immunity. Plaintiff did not lodge a specific objection to the Magistrate Judge's recommendation as to qualified immunity. Finding no clear error, the Court therefore adopts without objection the Magistrate Judge's recommendation that Officer Brown is entitled to qualified immunity.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case and that Defendant Officer Brown is entitled to summary judgment. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 86] of the Magistrate Judge. Defendant Officer Brown's [ECF No. 74] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

September 19, 2016                                         s/ R. Bryan Harwell
Florence, South Carolina                                R. Bryan Harwell
                                                                        United States District Judge